## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 510-2021-04465

COREY MARSHALL,

       Plaintiff,

vs.

WESTON OUTPATIENT SURGICAL CENTER, LTD
       Florida Limited Partnership

       Defendant

_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, COREY MARSHALL, (hereinafter referred to as Plaintiff) brings this action against Defendant, WESTON OUTPATIENT SURGICAL CENTER (hereinafter referred to as Defendant, WESTON OUTPATIENT SURGICAL CENTER, LTD.) pursuant to the violations of the Title VII Civil Rights Act of 1964 as amended and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. 1331.

2. Plaintiff, alleges employer violations of Title VII of the Civil Rights of 1964, as codified 42 U.S.C. section 2000E to 2000E-17 specifically pertaining to rights of Plaintiff, COREY MARSHALL, as stated.

3. At all times material hereto, Plaintiff COREY MARSHALL, was and is a resident of Florida and an employee of Defendant, WESTON OUTPATIENT SURGICAL CENTER, LTD. as defined by the Statutes referenced herein and is otherwise *sui juris*

4. At all times material hereto, Defendant, WESTON OUTPATIENT SURGICAL

CENTER, LTD., was a Florida Limited Partnership Company with its principal place of business in South Florida, engaged in commerce in the medical field and at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, and is subject to the jurisdiction and venue of this court and may be served with Summons and Process upon the Registered Agent, Corporate Services company, 1201 Hays Street, Tallahassee, FL 32301 and otherwise *sui juris*.

5.      At all times material hereto Defendant, WESTON OUTPATIENT SURGICAL CENTER, LTD. was and is an affiliate of AMSURG HOLDINGS, INC.

6.      At all times material hereto Defendant, WESTON OUTPATIENT SURGICAL CENTER, LTD. by and through its agents/employees is legally responsible for the actions/conduct of its agents/employees in accordance with the legal theory of vicarious liability.

7.      This action states a claim for discrimination in the workplace. The acts complained of by Defendant, WESTON OUTPATIENT SURGICAL CENTER, LTD., were actions against Plaintiff, COREY MARSHALL, by employees/agents of Defendant, WESTON OUTPATIENT SURGICAL CENTER, LTD., specifically but not limited to operating room supervisor "Jose Castillo". Mr. Castillo is a Hispanic male.

## STATEMENT OF CLAIMS

8.      Plaintiff, COREY MARSHALL, is a black African American male. Direct statements and actions made by Mr. Jose Castillo for the purpose of harassing and intimidating the Plaintiff, COREY MARSHALL, include but are not limited to the numerous times in 2020 and in 2021 when Mr. Castillo showed videos to Plaintiff, COREY MARSHALL, and other employees depicting police officers killing black people. Mr. Castillo would say, "they deserved

to be killed'.  Mr. Castillo felt the police officer's actions were justified by the actions of the person they killed.  On another occasion, Jose Castillo stated to Plaintiff, COREY MARSHALL, in front of the other employees that "privilege is when you get free housing and free food, and you can afford to wear $250.00 sneakers".  Plaintiff, COREY MARSHALL, believed Mr. Castillo was targeting his remarks at him because he was wearing expensive sneakers at the time. Mr. Castillo made the statements to harass and humiliate Plaintiff, COREY MARSHALL. Plaintiff, COREY MARSHALL, felt it was apparent that Mr. Castillo's, intentions were to cause Plaintiff, COREY MARSHALL, to retaliate, either verbally or physically.  The discriminatory statements and behavior directed toward Plaintiff, COREY MARSHALL, created a hostile work environment.

9.	Discrimination by Mr. Castillo also came in the form of a disparity in treatment of Plaintiff, COREY MARSHALL, a Black American employee   as compared to how Mr. Castillo treated a Hispanic employee Mr. Esley.  Prior to being hired Mr. Marshall cleared with the employer that pursuant to court order Plaintiff, COREY MARSHALL, must leave every Monday, Wednesday, and Friday at 2 p.m. to pick up his son.  Failure to allow Plaintiff, COREY MARSHALL, to leave caused Plaintiff, COREY MARSHALL, to be in violation of a court order if he was not able to find someone to pick up his son.  On numerous occasions, Mr. Castillo refused to allow Plaintiff, COREY MARSHALL, to leave to pick up his son.  Mr. Esley holds two jobs and whenever Mr. Esley needed accommodations, Mr. Castillo would change the schedule to accommodate Mr. Esley.  The disparity in treatment results in discrimination against Plaintiff, COREY MARSHALL, and exemplifies the prejudice against Plaintiff, COREY MARSHALL,

10.    Plaintiff, COREY MARSHALL, is aware of conversations between Mr. Castillo and Unterrier Wesley where Mr. Castillo negatively compared Plaintiff, COREY MARSHALL, with other Hispanic employees.

11.    Plaintiff, COREY MARSHALL, is aware of other actions by Mr. Castillo that ultimately resulted in co-employees quitting and or being terminated due to discrimination, harassment and creating a hostile work environment.  Mr. Castillo's repeatedly made sexual advances to co-employee "Jennifer".  "Jennifer" paid more attention to Gino Williams, a black Haitian male and Mr. Castillo said to Jennifer, "Don't let me catch you talking to those black guys again."  Due to the harassment and hostile work environment created by Mr. Castillo, Jennifer quit.  Further, Mr. Castillo harassed and discriminated against Mr. Gino Williams and George Joseph both black Haitian males.  We believe that because of racial tension in the workplace created by Mr. Castillo both men either quit or were terminated.

Mr. Castillo continued his hostile treatment of Plaintiff, COREY MARSHALL, even after Plaintiff, COREY MARSHALL, reported the treatment to his employer.  In late November 2021 Mr. Castillo told a co-employee of Plaintiff COREY MARSHALL, that she should not talk to Plaintiff, COREY MARSHALL, and just send him back to his station.

12.    Plaintiff, COREY MARSHALL further asserts and believes the evidence will support his claim that the Employer was aware of Mr. Castillo's actions prior to and during his unacceptable treatment of Plaintiff, COREY MARSHALL, and his co-employees and did not take any corrective actions or disciplinary actions against to Mr. Castillo to assure this behavior would not reoccur.

13.     Plaintiff, COREY MARSHALL, made several attempts to discuss Mr. Castillo's inappropriate behavior with Stella the office manager but found Stella to align herself with Mr. Castillo due to the fact that when it was brought to her attention, she did nothing. Additionally, Stella ignored Mr. Marshall on several occasions when efforts were made by Plaintiff, COREY MARSHALL, to discuss Mr. Castillo's actions with Stella.

14.     It was not until Plaintiff, COREY MARSHALL, reached out to Tamika Phillips a black American female in HR that Plaintiff, COREY MARSHALL, complaints were addressed. After reporting Mr. Castillo, Plaintiff, COREY MARSHALL, was confronted by Dr. Alfred DeSimone who stated "You are actually still working here, I thought they fired you. Take a picture." Dr. DeSimone worked closely with Mr. Castillo and was known to rely on Mr. Castillo to have the operating room run smoothly. This is another example of the Latin hierarchy creating a hostile work environment for what they view as a black subordinate worker.

Even after Mr. Castillo was terminated, Dr. DeSimone has confronted Plaintiff, COREY MARSHALL. As recent as early May 2022, Dr. DeSimone yelled repeatedly at Plaintiff, COREY MARSHALL, "Hey you. Hey you!" Dr. DeSimone aggressively approached Plaintiff, COREY MARSHALL from across the room while yelling. Plaintiff, COREY MARSHALL, felt threaten by Dr. DeSimone and immediately called compliance to report the incident. Fifteen minutes later Stella from H.R. spoke to Plaintiff, COREY MARSHALL, and apologized for Dr. DeSimone's actions stating "now I see what you have been stating. You should not be treated like that."

The actions and inactions complained started after Plaintiff, COREY MARSHALL, was hired and continued to as recent as early May 2022.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

15.     All conditions precedent has been complied with.  Plaintiff, COREY MARSHALL, timely filed an EEOC complaint on December 9, 2021, stating charges of violations of Title VII of Civil Rights Act of 1964, as codified 42 U.S.C. section 2000E to 2000E-17 specifically pertaining to rights of Plaintiff, COREY MARSHALL, as heretofore stated within. The U.S. Equal Employment Commission issued a Notice of Right to Sue letter signed by the acting District Director Robert Chaves on March 1, 2022, providing 90 days from receipt of said notice to file a lawsuit under Title VII of Civil Rights Act of 1964, as codified 42 U.S.C. section 2000E to 2000E-17.

## RELIEF SOUGHT

16.     Plaintiff, COREY MARSHALL, seeks compensatory, punitive and / or exemplary damages to be paid by the Defendant, WESTON OUTPATIENT SURGICAL CENTER, LTD. in the amount of $300,000.00 to compensate the Plaintiff, COREY MARSHALL, and to punish the Defendant, WESTON OUTPATIENT SURGICAL CENTER, LTD.  for outrageous conduct, to reform or deter the Defendant, WESTON OUTPATIENT SURGICAL CENTER, LTD.  and others from engaging in similar conduct to that as suffered by the Plaintiff, COREY MARSHALL, outlined in Plaintiff, COREY MARSHALL's Complaint.

**WHEREFORE,** Plaintiff, COREY MARSHALL, demands judgment against the Defendant, WESTON OUTPATIENT SURGICAL CENTER, LTD. for compensatory, exemplary and/or punitive damages together with lawful attorney fees and costs, and a trial of all issues triable as a matter of right by a jury.

Dated this ____ day of _____ _____, 20___

Respectfully submitted,

**PAUL E. SUSS, P.A.**
4491 S. State Road 7, Suite 314
Davie, FL 33314
Telephone: (305) 935-7200
Facsimile:  (305) 935-7201

By:  _____
**PAUL E. SUSS**
Florida Bar No. 796212